UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD ROYCE ALESHIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER RATHMAN,<br><br>    Defendant. | Case No. C05-5296FDB<br><br>ORDER DIRECTING SERVICE<br>BY UNITED STATES<br>MARSHAL AND PROCEDURES |

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). This matter comes before the Court on plaintiff's filing of a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status in this case. (Dkt. #8).

On April 27, 2005, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On April 29, 2005, the Clerk sent plaintiff a letter informing him that he had provided an insufficient number of copies of his complaint for service. (Dkt. #2). On May 20, 2005, apparently in response to that letter, plaintiff filed another complaint (Dkt. #7), that contained facts and other information that differed from the complaint he filed on April 27, 2005. Plaintiff also wrote the word "Amended" above the caption of the court's civil rights complaint form.

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party

ORDER
Page - 1

1  "may amend the party's pleading only by leave of court or by written consent of the adverse party." Id.
2  Procedurally in this matter, defendant has not yet been served with the complaint.

3  As such, the Court shall treat the complaint plaintiff filed on May 20, 2005 (Dkt. #7) as an amended
4  complaint, which shall be substituted for the complaint he filed on April 27, 2005. See Ferdik v. Bonzelet, 963
5  F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
6  1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992) (amended pleading operates as
7  *complete* substitute for original pleading).

8  Accordingly, the Clerk is directed to effect service as provided below:

9  (1)     Service by United States Marshal.

10  It is hereby ORDERED that the United States Marshal shall send the following to each named
11  defendant by first class mail: a copy of the amended complaint and of this Order, a copy of the Notice of
12  Initial Assignment and Consent to Proceed before a United States Magistrate Judge, two copies of the
13  Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of service of Summons, and a
14  return envelope, postage prepaid, addressed to the Clerk's Office. All costs of service shall be advanced by
15  the United States. The Clerk shall assemble the necessary documents to effect service.

16  (2)     Response Required

17  Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of
18  Summons. Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date
19  designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as
20  permitted by Rule 12 of the Federal Rules of Civil Procedure.

21  Any defendant who fails to timely return the signed Waiver will be personally served with a
22  summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule
23  4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule
24  12 within **thirty (30) days** after service.

25  (3)     Filing and Service by Parties, Generally.

26  All original documents and papers submitted for consideration by the court in this case, and a
27  duplicate of all such papers, are to be filed with the Clerk of this court. The originals and copies of all such
28  papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies

ORDER
Page - 2

are to be delivered. The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting *pro se*). The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.

(4) <u>Motions</u>.

Any request for court action shall be set forth in a motion, properly filed and served. A party must file and serve with the motion a supporting memorandum. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the third Friday following filing of the motion (fourth Friday for Motions for Summary Judgment). All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

(5) <u>Motions for Summary Judgment</u>

If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56. Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard

ORDER
Page - 3

to this case. All relevant information and papers are to be directed to the Clerk.

     (7)    <u>Clerk's Action</u>

The Clerk is directed to send a copy of this Order and of the General Order issued by the Magistrate Judges to plaintiff and to defendants' counsel.

DATED this 8th day of August, 2005.

                                         /s/ Karen L. Strombom
                                         Karen L. Strombom
                                         United States Magistrate Judge