UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD ROYCE ALESHIRE,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER CHRIS RATHBUN,<br><br>  Defendants. | Case No.  C05-5296FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for Feburary 10, 2006 |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court on defendant's motion to dismiss plaintiff's complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b). (Dkt. #20).  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint without prejudice for the reasons set forth below.

DISCUSSION

On October 26, 2005, the court issued a pretrial scheduling order, setting forth the deadlines for completing discovery, filing dispositive motions and filing a joint status report. (Dkt. #18).  On November 3, 2005, the postal service returned plaintiff's copy of the court's order which had been sent to his last known address, the Monroe Corrections Center, locate in Monroe, Washington. (Dkt. #19).  Apparently, plaintiff was no longer in custody at the Monroe Corrections Center at the time, but he did not inform the court of his change of address.

Defendant filed his motion to dismiss on November 16, 2005.  The basis for defendant's motion is that various pleadings defendant's counsel sent to plaintiff in September and October 2005, at the same last

ORDER
Page - 1

known address as is on file with the court, were returned indicating that plaintiff was no longer at that address. See Declaration of Donald L. Law in Support of FRCP 41(b) Motion to Dismiss. Defendant's counsel further points to the fact that the copy of the court's pretrial order that was sent to plaintiff was returned for the same reason as well.

Plaintiff cites to Fed. R. Civ. P. 41(b) to support his motion to dismiss with prejudice, which reads in relevant part as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Local Rule 41(b), however, provides:

> (1) Any case that has been pending in this court for more than one year without any proceeding of record having been taken may be dismissed by the court on its own motion for lack of prosecution. The plaintiff in any such action will be given an opportunity to show cause in writing, or at the court's election in open court, why the case should not be dismissed. A dismissal under this subparagraph will operate as an adjudication on the merits, as provided for in Fed.R.Civ.P. 41(b), unless the court orders otherwise.
>
> (2) A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rule 41(b).

Thus, while dismissal with prejudice is permitted under Local Rule 41(b)(1), more than one year must have passed without any proceeding of record being taken, and, even then, the plaintiff must be given the opportunity to show cause why the case should not be dismissed. Here, more than one year has not yet passed. In addition, since it appears plaintiff is no longer at his last known address and apparently has not received defendant's prior pleadings or this court's pretrial order,[1] it does not seem possible that he can be given an opportunity to show cause.

On the other hand, because more than sixty days has passed since the copy of the court's pretrial order sent to plaintiff's last known address was returned, and no change of address notice has been filed with the court, dismissal without prejudice for failure to prosecute would appear to be proper under Local

---

[1] Indeed, it is not even clear plaintiff received notice of defendant's motion, as that motion was sent to the same last known address that is on file with this court.

ORDER
Page - 2

1  Rule 41(b)(2).  It is plaintiff's responsibility to keep the clerk informed of his current address to ensure
2  timely notification of court action.  In addition, Local Rule CR 10(f) requires parties to notify the court
3  within ten days of a change of address.
4       Here, the court has sent plaintiff its pretrial scheduling order to the address provided to it by him,
5  even though he has the responsibility for notifying the court of any change of address.  The court is not
6  aware of any other place of residence or confinement for plaintiff, and, as discussed above, he has failed to
7  provide the court with a notice of a change in his mailing address within the sixty-day time period.

## CONCLUSION

9       Based on the foregoing discussion, the undersigned recommends that the court dismiss this matter
10 without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).
11      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the
12 parties shall have ten (10) days from service of this Report and Recommendation to file written objections
13 thereto.  See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for
14 purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
15 72(b), the clerk is directed set this matter for consideration on **February 10, 2006**, as noted in the caption.

17      DATED this 13th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge